DOMENGEAUX, Chief Judge.
Catahoula Apartments Partnership (the Partnership) filed this eviction action against Patricia Jones, a tenant in a feder *628 ally subsidized, low-income, rural rental housing unit owned by the Partnership. The Partnership filed its rule to evict after delivering to Jones a notice to vacate the leased premises, based on her failure to comply with the original rental agreement. Prior to the eviction hearing, Jones requested an administrative grievance hearing, which request was denied. The trial court denied Jones’ plea for a preliminary injunction or temporary restraining order so that an administrative hearing could be held. The trial court then heard the merits of the case, found for the Partnership, and ordered Jones to vacate the leased premises.
Jones appeals, assigning as error the trial court’s failure to grant an injunction, enjoining the Partnership from proceeding with the eviction until an administrative grievance hearing was conducted. Jones also assigns as error the trial court’s finding of just cause for the eviction. Finding no merit to either contention, we affirm.
The lease executed by Jones and the Partnership provides that any tenant grievance shall be resolved in accordance with FmHA (Farmers Home Administration) regulations governing a tenant's grievance and appeal from a lessor’s adverse decision. The regulations pertinent to this provision of the lease are found at 7 CFR 1944.551 et seq., enacted pursuant to the authority of the Housing Act of 1949, 42 U.S.C. § 1441 et seq.
After reviewing the appropriate regulations in detail, we find, as did the trial judge, that the grievance procedures set forth therein do not apply to eviction proceedings, which are governed by state or local law. In fact, in 1983 the regulations were amended to specifically exclude evictions from grievance and appeal procedures. In its summary of the 1983 amendments, the Federal Register includes the following language:
The Farmers Home Administration (FmHA) revises its regulations governing tenant grievance and appeals to allow termination of tenancy and eviction to be handled by a judicial process under State or local law....
The intended effect is to reduce the burden of a duplication of effort in the termination of tenancy and eviction process and to provide for the prompt resolution of borrower-tenant disputes.
48 Fed.Reg. 56,176 (December 19, 1983).
Considering this clearly articulated administrative intent, and the definitions, exclusions, and exceptions contained in § 1944.551 et seq., we hold that eviction proceedings are not governed by FmHA regulations pertaining to grievance and appeal procedures. Accordingly, we find no error in the trial court’s refusal to grant Jones’ preliminary injunction so that an administrative grievance hearing could be held.
Likewise, our review of the record reveals no error in the trial court’s factual finding that Jones breached the terms of her lease with the Partnership. At the time the notice to vacate was delivered to Jones, she had violated the lease by hosting three guests for a period of three weeks, a violation of Paragraph 5 of the lease which forbids the tenant from giving accommodations to any persons not named in the lease. The fact that the guests were gone by the time the notice to vacate was delivered is not relevant; the lease terms had already been violated.
The record also indicates that when the rule to evict was filed by the Partnership more than four weeks later, Jones was two months behind in rent and had caused her utilities to be disconnected, violations of Paragraphs 3 and 4 of the lease. The record supports the three violations of the lease as found by the trial court, and Jones was properly evicted from the leased premises.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to Patricia Jones.
AFFIRMED.